**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Juan ESTRADA–CORTEZ,
Defendant–Appellant.**

No. 06–50662.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 8, 2008.

Submission Vacated Jan. 28, 2008.

Resubmitted July 22, 2008.

Filed July 24, 2008.

Andrew G. Schopler, Roger W. Haines, Jr., Office of the U.S. Attorney, Stewart

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

M. Young, U.S. Attorneys Office, Southern District of California, Criminal Division, San Diego, CA, for Plaintiff–Appellee.

Julie Ann Blair, Mayra L. Garcia, Law Offices of Mayra L. Garcia, San Diego, CA, for Defendant–Appellant.

Before: FARRIS, FISHER, and M. SMITH, Circuit Judges.

MEMORANDUM *

Defendant–Appellant Juan Estrada–Cortez appeals from a three-year sentence imposed after pleading guilty pursuant to a negotiated plea agreement. Because the facts are familiar to the parties, we do not recite them except as necessary to explain our decision. We have jurisdiction under 18 U.S.C. § 3742, and we affirm.

Estrada–Cortez first contends that the district court erred by failing to provide notice of its intent to depart on a ground not specified in the presentence report (PSR) or the government's presentencing submission. Because he failed to object in the district court, we review for plain error. *United States v. Evans–Martinez*, 530 F.3d 1164, 1166–67 (9th Cir.2008).

Post-*Booker*, under Federal Rule of Criminal Procedure 32(h), sentencing courts are required to provide notice of an intent to *depart* from a Guidelines range, but they need not provide notice of an intent to apply an upward *variance* pursuant to the sentencing factors set forth in 18 U.S.C. § 3553(a). *Irizarry v. United States*, —— U.S. ——, 128 S.Ct. 2198, 2202,

171 L.Ed.2d 28 (2008); *Evans–Martinez*, 530 F.3d at 1169. Here, to the extent that the sentencing court failed to provide notice of its intent to depart on a ground not specified in the PSR, the court erred. The court, however, also applied a variance under the 18 U.S.C. § 3553(a) factors to reach what it considered to be a reasonable above-Guidelines sentence. On plain error review, we conclude that the error did not affect Estrada–Cortez's substantial rights because his sentence was ultimately a result of the district court's determination that the Guidelines sentence—with or without the departure—was insufficient when considered in light of the § 3553(a) factors. In addition, even though the district court had not mentioned before the sentencing hearing the specific provisions on which it ultimately based its departure, Estrada–Cortez had argued in his objections to the PSR against the uncharged conduct that was the factual basis for this departure. We stress, however, that "[s]ound practice dictates that judges in all cases should make sure that the information provided to the parties in advance of the hearing . . . ." *Irizarry*, 128 S.Ct. at 2203.

The district court also did not err in relying on the PSR to establish Estrada–Cortez's prior apprehensions for purposes of sentencing. We review de novo whether the district court applied the correct burden of proof when calculating a Guidelines sentence. *United States v. Kilby*, 443 F.3d 1135, 1140 (9th Cir.2006). We review for abuse of discretion the district court's determination that an item of evidence is sufficiently reliable for sentencing purposes. *United States v. Marin–Cuevas*, 147 F.3d 889, 895 (9th Cir.1998). The facts in the PSR provide clear and convinc-

---

* This disposition is not appropriate for publication and is not precedent except as provided

by 9th Cir. R. 36–3.

ing evidence supporting the severity of the sentencing enhancement. *See United States v. Romero–Rendon*, 220 F.3d 1159, 1163 (9th Cir.2000).

Estrada–Cortez has waived his argument that the government breached the plea agreement by failing to object below. *See United States v. Flores–Payon*, 942 F.2d 556, 558–60 (9th Cir.1991). In any event, the government did not breach its plea agreement by requesting clarification of the record after the district court had imposed its sentence.

Finally, Estrada–Cortez's sentence was reasonable. We review for abuse of discretion whether a sentence is reasonable. *See United States v. Carty*, 520 F.3d 984, 993–94 (9th Cir.2008) (en banc). The district court carefully walked through the § 3553(a) factors, and the district court's reasoned decision is entitled to our deference. *See id.*

AFFIRMED.